## ROBERTSON v. HILLMAN.

*Will — construction of — Devise of " wife's right of dower after her decease."*

A testator gave certain legacies which he made chargeable on his farm, to be paid therefrom by his son I. He next gave all his real estate to I., subject to his wife's dower. He then gave the residue and remainder of his property to his grandchildren, which residue was " to include my wife's right of dower after her decease." The executor was given power " to sell my wife's right of dower at her decease if found necessary to make a proper division of the same among the said grandchildren." *Held,* that by the devise of the dower the testator intended, and the devise was operative as a devise of one undivided third part of the real estate whereof he died seized, to take effect in possession on the decease of his widow.

APPEAL by defendant, Isaac M. Hillman and another, from a judgment directed at the special term.

The action was brought by Ebenezer Robertson, executor of the last will and testament of Matthew Hillman, deceased, against Isaac M. Hillman and others, heirs at law, next of kin of the decedent, and devisees and legatees under said will, to obtain a con-

struction of the same. The decedent died seized of a farm and an amount of personal property. The particular clauses of the will upon which an adjudication was asked were as follows:

*First.* "My will is that all my just debts and funeral expenses be paid out of my estate as soon after my decease as may be found convenient.

*Second.* "In addition to right of dower I give and bequeath to my wife Caroline $40 per year, to be paid to her annually by her son Isaac M. Hillman, which I make a lien upon my real estate.

*Third.* "I give, devise and bequeath to each of my children as follows: (Legacies to the amount of $7,350 are given to various persons, and the clause concludes): All which I make a lien upon my farm, and to be paid therefrom by my son Isaac M. Hillman from the valuation of my said farm.

*Fourth.* "I give, devise and bequeath to my son Isaac M. Hillman all my real estate, except my wife's dower, on condition that he pays the foregoing legacies in full, then to be his, his heirs and assigns forever. But in case he fails to pay said legacies and bequests in full I hereby authorize and empower my executor, hereinafter named, to sell said real estate, or so much of it as may be necessary to pay said legacies and bequests, and to execute and deliver conveyances for the same without any application to any court for that purpose, and pay said legacies and bequests.

"All the rest, residue and remainder of my estate, of whatsoever name or nature, I give, devise and bequeath to my grandchildren, including all the sons and daughters of my children, to be divided between and among them, share and share alike, to be theirs, their heirs and assigns forever. This last devise and bequest is to include my wife's right of dower after her decease.

*Lastly.* "I do hereby nominate and appoint my friend, Ebenezer Robertson, to be the executor of this my last will and testament, hereby revoking all former wills by me made, and I do hereby authorize and empower my executor to sell my wife's right of dower at her decease, if found necessary to make a proper division of the same among the said grandchildren, and to execute and deliver a conveyance or conveyances of the same without any application to any court for that purpose."

The plaintiff asked for a construction of the will, and a direction of the court as to whether "the power of sale given in the last clause of the will extends to the one-third of the testator's real

estate, devised to his wife for her life, and whether by the terms
' except my wife's dower,' in the devise to his son Isaac, the one-
third devised to her for life at her death was to be divided among
the grandchildren of the testator, and what is the meaning and
construction of the said will in respect to the estate devised to the
grandchildren."

Such other facts as are material fully appear in the opinion.

*Lourie & Gibson* and *D. A. Boies,* for appellants.

*John H. McFarland* and *James Gibson, Jr.,* for respondents.

Bockes, J.    The object of this action is to obtain construction
of the last will and testament of Matthew Hillman, deceased.

The question in the case arises on the various clauses of the in-
strument by which disposition was made of the testator's real
estate.    The testator first gave his wife an annuity of forty dollars,
in addition to her "right of dower."   He next gave certain sums
to his children, except Isaac, specifying the amount to each
respectively ; all which, including the annuity to his wife, was
made a lien on his real property.   He then devised all his real
estate to Isaac, except his "wife's dower," on condition that he,
Isaac, should pay and satisfy the legacies in full, and all the rest,
residue and remainder of his estate, he gave to his grandchildren
in equal shares, declaring that this devise was to include his *"wife's
right of dower after her decease."*

These provisions were followed by an express authority to the
executor to sell the "wife's right of dower at her decease," with a
view to a division of the proceeds of sale among the grandchildren.

The rules of interpretation applicable to wills are supposed to
be well understood.   The first, and generally the principal point to
be determined, is the intent of the testator.   To ascertain this,
the will must be read and considered in its entirety, with all its
provisions ; and further, it is always to be presumed that the
words employed were used in their strict and legal acceptation,
unless from the context, it shall appear that they were used in a
different sense, in which case the sense in which they were used
will control their construction.   Now it seems quite manifest, that
the testator supposed that there was something valuable reserved
for his wife's use during life, of which he could make disposition

at her decease. This *something* was denominated in the will, "dower" and "right of dower." Thus in express terms, he devised to his grandchildren his "wife's right of dower after her decease," and he authorized his executor to sell and convey such "right of dower at her decease," with a view to the distribution of the proceeds of sale. He therefore intended to give his grandchildren something which he denominated "dower" and "right of dower." Such intent is plain and unmistakable. It was too, in his mind, an interest in real property, for he speaks of it in connection therewith, as an exception from the devise to Isaac, of "all his real estate," and contemplated its transfer by deed. To this extent then, the intent is manifest. He purposed to give his grandchildren real property, which would be discharged from use and enjoyment by his wife on her decease. Now what he so intended to devise, and in terms did devise, he called or designated "his wife's right of dower." This brings us to consider the case under the rule, that the words employed must be presumed to have been used in their strict and legal meaning, unless from the context it shall appear that they were used in a different sense.

Certainly the terms, "dower" and "right of dower" were not here used in their strict legal sense. The testator could not devise his wife's right of dower, and we cannot suppose he attempted what he knew he could not accomplish. Therefore, those terms must have a meaning as here employed, other than according to their strict legal signification. He intended something in their use. That something must, if possible, be ascertained to escape the alternative of holding that the devise is void, for uncertainty, a result which, as all the cases declare, must be avoided if it can be. The learned judge, at special term, held that the devise was operative, according to intent of the testator, as a devise of one undivided third pa the farm, whereof he died seized to take effect in possessic the decease of his widow, and after careful study of the ca am of the opinion his conclusion is a sound one.

In the first place, dov is understood by both the learned and the unlearned to apply, as regards quantity, to *one-third* of the property to which it relates. It is fair to assume, I think, that the testator had this quantity, this measure and proportion of his real property in mind, when he spoke in his will of his wife's dower, and right of dower.

Thus he understood her rights to pertain to one-third of his real estate. He seems further to have understood that this *quantum* — this third belonged to her for life, and that it would remain, on her decease, a distinct and existing item or piece of property, which he could devise to whomsoever he thought fit. He held it in mind as separate and distinct property — one-third of the farm to be used and enjoyed by his widow during life. So he declared that the devise of the rest, residue and remainder of his estate of whatsoever name or nature should include this property, after his wife's decease; and authorized his executor to sell and convey it, "at her decease," with a view to a division of the proceeds of sale among his grandchildren. In this way and under this construction, the instrument may have effect given it in all its parts, whereas, in the view urged by the appellants, a portion of it must be disregarded and rejected as uncertain, meaningless and void — an alternative to be adopted only under stress of imperative necessity.

There is still a suggestion by the appellants' counsel, not above considered, to wit: that the testator must have intended to devise the entire farm to Isaac, inasmuch as he made the various pecuniary legacies to his other children, liens thereon; that is, on the whole farm. But this, as it seems to me, loses its force, when we reflect that those legacies were, by the terms of the will, to be paid off and satisfied by Isaac, as a condition of the devise to him. Whatever of value he was to receive, was burdened with the payment of those legacies.

On the whole, I am of the opinion that the construction given to the will by the learned judge at special term is the proper one; and that the judgment should be affirmed, with costs to be charged the same as by the judgment appealed from, on the third devised to the grandchildren.

*Judgment affirmed.*